IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jugraj Bajwa, | : | |
| | : | |
| Petitioner, | : | Case No. 1:26-cv-242 |
| | : | |
| v. | : | |
| | : | Judge Susan J. Dlott |
| Kevin Raycraft in his Official Capacity | : | |
| as Acting Field Office Director of | : | |
| Enforcement and Removal Operations, | : | Amended Order Granting Habeas |
| Detroit Field Office, Immigration and | : | Petition |
| Customs Enforcement, *et al.*, | : | |
| | : | |
| Respondents. | : | |

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Habeas Petition") filed by Petitioner Jugraj Bajwa, a native and citizen of India.  (Doc. 1.)  Bajwa challenges his detention at the Butler County, Ohio Jail in the custody of Respondents, including the United States Immigration and Customs Enforcement ("ICE").  He argues that he is being unlawfully held and denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a misapplication of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1225(b) and 1226(a).  The Court holds here that Bajwa, who was detained after entering the United States, released and paroled, and then re-detained about one year later, is entitled to a bond hearing under § 1226(a).  Bajwa's continued detention without a bond hearing violates the INA and his due process rights.  The Court will **GRANT** the Habeas Petition.[1]

---

[1]  The Court is issuing this Amended Order to fix a typographical error on page 9.

The Court already has granted habeas relief in several other immigration cases with analogous facts.  *See e.g.*, *Ramirez Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No. 1:26-cv-68, 2026 WL 900063 (S.D. Ohio Apr. 2, 2026); *Badalov v. Noem*, No. 1:26-cv-162, 2026 WL 943586 (S.D. Ohio Apr. 8, 2026); *Singh v. Noem*, No. 1:26-cv-136, CM/ECF Doc. 14 (S.D. Ohio Apr. 9, 2026).

## I.    BACKGROUND

### A.    Factual History

The factual record concerning Bajwa's entry into the United States and his interactions with immigration officials is more sparse than in other cases this Court has recently addressed. Bajwa entered the United States at or near Otay Mesa, California on September 26, 2024 without being inspected by an immigration officer.  (Doc. 7-1 at PageID 69.)  He was taken into custody that same day by a U.S. Border Patrol agent.  (*Id.*)  The Department of Homeland Security ("DHS") determined that he was inadmissible and began expedited removal proceedings under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1).  (*Id.*)  Bajwa claimed a fear of return to India.  An asylum officer determined at the initial interview that Bajwa had "demonstrated a credible fear of persecution or torture," and DHS removed him from expedited removal proceedings.  (Doc. 7-2 at PageID 71.)

On December 19, 2024, DHS issued a Notice to Appear ordering Bajwa to appear before an Immigration Judge of the Department of Justice ("DOJ") in Chicago, Illinois on January 15, 2025 in removal proceedings under INA § 240, 8 U.S.C. § 1229a.  (*Id.*)  On the Notice to Appear form, DHS checked the box stating that Bajwa was "an alien present in the United States who has not been admitted or paroled after inspection by an Immigration Officer."  (*Id.*)  DHS did not check the two alternative boxes stating that he was "an arriving alien" or that he had been "admitted to the United States, but [was] removable for the reasons stated below."  (*Id.*)  DHS made the following allegations:

1. You are not a citizen or national of the United States;

2. You are a native of India and a citizen of INDIA;

3. You arrived in the United States at or near Otay Mesa, CA on or about 2024-09-26.

2

4. You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

5. You were not then admitted or paroled after inspection by an Immigration Officer.

(*Id.*)  DHS charged Bajwa with violations of INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(6)(A)(i), and INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(7)(A)(i)(I).  (*Id.*)

On January 16, 2025, DHS released Bajwa on interim parole.  (Doc. 1 at PageID 10; Doc. 7 at PageID 66.)  Neither party provided the Court with the parole documentation.  The length and terms of the parole are unclear.  On April 17, 2025, Bajwa filed a DHS Form I-589 Application for Asylum and for Withholding of Removal.  (Doc. 1-3 at PageID 40–51.)

Approximately one year after being released on parole, on January 13 or 23, 2026, ICE arrested Bajwa at a check-in appointment.  (Doc. 1 at PageID 11; Doc. 7 at PageID 66.)  Neither party has provided the Court with his arrest or post-arrest documentation.  They agree that he was scheduled for a hearing on his pending asylum claim on April 29, 2026.  (Doc. 1 at PageID 11; Doc. 7 at PageID 66.)

**B.      Procedural Posture**

Bajwa filed his Habeas Petition on March 8, 2026 against Respondents Kevin Raycraft in his official capacity as the Director of the Detroit Field Office of ICE's Enforcement and Removal Operations; Kristi Noem in her official capacity as the Secretary of DHS; and DHS. (Doc. 1 at PageID 1, 6.)  Bajwa alleges that his detention is unlawful and that he is entitled to a custody redetermination hearing—a bond hearing—under 8 U.S.C. § 1126(a) and the Due Process Clause of the Fifth Amendment.[2]  (*Id.* at PageID 11–14, 18–22.)

Respondents filed an abbreviated Return of Writ denying that Bajwa is entitled to relief.

---

[2]  Bajwa also asserts that he is entitled to relief under the Administrative Procedure Act and the Suspension Clause of the United States Constitution.  (Doc. 1 at PageID 14–18.)  The Court need not address those claims, because it is awarding relief under the INA and the Due Process Clause.

3

(Doc. 7.)  They argue that Bajwa is subject to mandatory detention under § 1225(b)(1)(B)(ii) for the duration of his removal proceedings because he is "an applicant for admission who was transferred from expedited removal proceedings to full removal proceedings after establishing a credible fear of persecution or torture." (*Id.* at PageID 67.)  They incorporate by reference arguments they have made in analogous immigration cases, but they recognize that this Court has previously held that noncitizens like Bajwa are entitled to a bond hearing.  (*Id.*)  On April 7, 2026, Bajwa filed a Reply in support of his Habeas Petition.  (Doc. 8).

## II.  LAW AND ANALYSIS

### A.  Exhaustion

The Court starts with the threshold issue of exhaustion.  Although Respondents do not make an explicit exhaustion argument in the Return of Writ, in an abundance of caution the Court assumes they intended to incorporate such argument from prior cases.  No extended analysis is needed.  The Court reiterates its holding that noncitizens subjected to mandatory detention without a bond hearing like Bajwa do not need to exhaust administrative remedies before seeking habeas relief.  *See Singh*, No. 1:26-cv-136, CM/ECF Doc. 14 at PageID 410–412, slip op. at 5–7; *Badalov*, No. 1:26-cv-162, 2026 WL 943586, at *2–3; *Valdez Lopez*, 2026 WL 900063, at *3–4; *Ramirez Quintana*, 2026 WL 746359, at *4–6.

### B.  INA

The Court turns now to the merits of the Habeas Petition.  Bajwa argues that his detention is governed by 8 U.S.C. § 1226(a) and that he is entitled to a custody redetermination hearing—a bond hearing.  Respondents contend that Bajwa's detention is governed by 8 U.S.C. § 1225(b)(1) and that he is not entitled to a bond hearing.  As explained below, the Court is persuaded that "[d]etention under § 1226(a) attaches where DHS encounters a noncitizen within the interior [of

4

the United States] after admission or after a substantial period of continuous presence." *Ortiz Guiterrez v. Raycraft*, No. 1:26-cv-69, — F.Supp.3d —, 2026 WL 456065, at *3 (S.D. Ohio Feb. 18, 2026).

Detention is not mandatory under 8 U.S.C. § 1226(a) because of the statute's use of the term "may."  Section 1226(a) provides that "an alien *may be arrested and detained* pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez-Campos v. Raycraft*, 797 F.Supp.3d 771, 777 (E.D. Mich. 2025) (stating that noncitizens under § 1226(a) "have a right to request a custody redetermination (*i.e.,* bond hearing) before an Immigration Judge") (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  The Immigration Judge then "evaluates whether there is a risk of nonappearance or danger to the community."  *Lopez-Campos*, 797 F.Supp.3d at 777.  The Supreme Court has explained, albeit in dicta, that § 1226(a) generally applies to give Government discretion "to detain certain aliens *already in the country* pending the outcome of removal proceedings."  *Jennings*, 583 U.S. at 289 (emphasis added).

Respondents contend that because Bajwa was initially detained under 8 U.S.C. § 1225(b)(1)(B)(ii) for expedited removal proceedings, he is still subject to mandatory detention under that provision even after being released on parole.  The provision applies to noncitizens "arriving in the United States" who "indicate[] either an intention to apply for asylum under section 1158 of this title or a fear of persecution."  8 U.S.C. § 1225(b)(1)(B)(ii).  The Supreme Court in *Jennings* described the initial process under which Bajwa was detained:

> Aliens covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i).

> But if a § 1225(b)(1) alien "indicates either an intention to apply for asylum ... or a fear of persecution," then that alien is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the alien has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii).

*Jennings*, 583 U.S. at 287. An exception to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) allows DHS to parole a detainee for "urgent humanitarian reasons or significant public benefit." *Id.* at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

The Court rejects Respondents' contention that DHS has authority to detain Bajwa for the duration of his removal proceedings without a bond hearing under 8 U.S.C. § 1225(b)(1) even after releasing him on parole. The decision in *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559 (D. Colo. Mar. 4, 2026), is persuasive on this issue. The district court in *Rafibaev* held that a noncitizen who was re-detained by ICE almost two years after he had entered the United States, and after his parole had expired, was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* at *1, 4–5. The *Rafibaev* court suggested that it did not make sense to hold that a noncitizen who had been in the country for two years was subject to mandatory detention under § 1225(b)(1) because that provision only applies to noncitizens who are "arriving" in the United States. *Id.* at *4; *see also*, *e.g.*, *Martinez Herrera v. Olson*, No. 4:26-CV-52-DJH, 2026 WL 561101, at *1–5 (W.D. Ky. Feb. 27, 2026) (holding that a noncitizen granted parole and then re-detained more than two years later was not subject to expedited removal under § 1225(b)(1) and was entitled to a bond hearing under § 1226(a)); *Qasemi v. Francis*, No. 25-CV-10029, 2025 WL 3654098, at *11–12 (S.D.N.Y. Dec. 17, 2025) (stating that a noncitizen whose parole terminates "is not reverted by operation of law to status as an arriving alien" and that their re-detention "must be conducted under the discretionary framework of Section 1226(a)"); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *6 (E.D. Mich. Oct. 29, 2025) (holding "neither § 1225(b)(1)(A)(i) nor § 1225(b)(1)(A)(iii)(II) authorize expedited removal of noncitizens who

6

have been paroled into the United States, regardless of the status of that parole"). This Court agrees. Mandatory detention under § 1225(b)(1) applies only to arriving aliens. Because Bajwa was released and living in the United States for approximately one year before he was re-detained, his detention is governed by § 1226(a). *See Badalov*, 2026 WL 943586, at *4–5.

**C.     Due Process**

Bajwa also alleges that the failure to provide him with a bond hearing violates his due process rights. Respondents have argued in prior cases that due process does not require a bond hearing for a noncitizen detained pursuant to 8 U.S.C. § 1225(b)(1). They have argued that under Supreme Court precedent a noncitizen seeking initial entry into the country has "only those [due process] rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–140 (2020). That defense fails at the onset because the Court has held that Bajwa's detention is governed by 8 U.S.C. § 1226(a), under which bond hearings are provided, and not by § 1225(b)(1). This Court's holding is consistent with *Thuraissigiam* insofar as the Supreme Court also noted that noncitizens "who have established connections in this country have due process rights in deportation proceedings." 591 U.S. at 107.

This Court is persuaded that detaining Bajwa under § 1225(b)(1) deprived him—and continues to deprive him—of due process rights under the Fifth Amendment. "Non-punitive detention in the immigration context violates the Due Process Clause, absent adequate procedural protections or a special justification outweighing a petitioner's liberty interest." *Ortiz Gutierrez*, 2026 WL 456065, at *4 (cleaned up). As such, "detention [under § 1226(a)] is discretionary and constitutionally constrained by due process." *Id*. (citation omitted). The Court finds that Respondents violated Bajwa's due process rights by enforcing mandatory detention

under § 1225(b)(1).  The Court thus turns to the matter of what process is due to Bajwa.

The three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), strongly supports Bajwa's due process right to a bond hearing.[3]  As to the first factor—the private interest affected—Bajwa's Fifth Amendment right to be free from deprivation of liberty is at stake.  He has a significant liberty interest in avoiding detention, and especially detention indistinguishable from criminal incarceration.  Bajwa has a pending request for asylum, and Respondents created a liberty interest when they granted him parole.  *See Azalyar v. Raycraft*, No. 1:25-CV-916, — F.Supp.3d —, 2026 WL 30741, at *4 (S.D. Ohio Jan. 2, 2026).  His detention without a bond hearing impinges on his liberty.  As to the second factor, an individualized bond redetermination hearing provides a mechanism for the Immigration Judge to determine whether Bajwa poses a flight risk or danger to the community.  That reduces the risk of erroneous deprivation of his right not to be deprived of liberty without due process.  *See, e.g.*, *Lopez-Campos*, 797 F.Supp.3d at 785.  Finally, the last factor is neutral.  The Government has a legitimate interest in ensuring noncitizens' appearance at removal proceedings and prevent harm to the community, but nothing in the record before this Court suggests that detention of Bajwa is necessary to further the Government's interest.  The Government has not shown that a due process-compliant individualized bond hearing would impose undue administrative or financial costs.

In sum, the *Mathews* factors favor Bajwa and compel the holding that mandatory

---

[3]  The Supreme Court stated due process requires consideration of three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976).

detention of Bajwa under § 1225(b)(1) violates his Fifth Amendment right to due process. *See Del Villar v. Noem*, No. 4:25-cv-00137-GNS, 2025 WL 3231630, at *6–7 (W.D. Ky. Nov. 19, 2025) (all three factors favor the petitioner); *Lopez-Campos*, 797 F.Supp.3d at 784–85 (applying *Mathews*); *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-2061, 2025 WL 3187080, at *8 (N.D. Ohio Nov. 14, 2025) (summary conclusion of due process violation and collecting cases).

**D.      Attorney Fees and Costs**

Bajwa seeks attorney fees and costs. (Doc. 1 at PageID 24.)   The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ."  28 U.S.C. § 2412(b).  The Court will consider a motion for any attorneys' fees and costs filed in conformity with the procedures set forth in the statute and the local rules.

**III.      CONCLUSION**

For the reasons stated above, the Court **FINDS** that Bajwa is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) but instead is detained under 8 U.S.C. § 1226(a). Therefore, detaining him without a bond hearing violates his statutory rights and due process rights under the Fifth Amendment.  The Court **ORDERS that within seven days of entry of this Order,** Respondents shall either (1) provide Bajwa with a due process compliant, individualized bond redetermination hearing before an Immigration Judge, at which the Government shall bear the burden of persuasion justifying his continued detention; or (2) release Bajwa from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Bajwa from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before

any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondents shall bear the burden of persuasion of justifying Petitioner's continued detention and adduce clear and convincing evidence that Petitioner is a danger to the community.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026); *Azalyar*, 2026 WL 30741, at *5; and

(4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further **ORDERS that within ten days of entry of this Order**, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Bajwa was released from custody.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

10